JOYCE R. BRANDA
Acting Assistant Attorney General

DIANE KELLEHER
Assistant Branch Director

BRIGHAM J. BOWEN
Senior Counsel
Civil Division, Federal Programs Branch
U.S. Department of Justice
P.O. Box 883
Washington, D.C.  20044
Tel.: (202) 514-6289
Fax: (202) 616-8470
E-mail: Brigham.Bowen@usdoj.gov

*Attorneys for Defendants Federal Bureau
of Investigation, Eric Holder, United States
of America, State Department, John Kerry,
James B. Comey, Christopher M. Piehota, James
Clapper, Michael S. Rogers, and
National Security Agency, sued in an official capacity*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| YONAS FIKRE,<br><br>　　　　*Plaintiff,* | Case 3:13-cv-00899-BR |
| v.<br><br>THE FEDERAL BUREAU OF INVESTIGATION, et al.,<br><br>　　　　*Defendants*. | **OFFICIAL-CAPACITY DEFENDANTS' UNOPPOSED MOTION FOR STAY, OR IN THE ALTERNATIVE, EXTENSION OF TIME** |

　　　　Plaintiff's Third Amended Complaint brings nineteen claims against a variety of

defendants.  Most of Plaintiff's claims against the official-capacity defendants ("Defendants")[1]

center on and relate directly to his alleged status on the No Fly List.  As the Court is aware, the

---

[1] It appears that the individual defendants have not been served, and thus they are not properly before the Court at this time.  *See Omni Capital Int'l, Inc. v. Rudolph Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").  Until such time as Plaintiff serves the individual defendants, and counsel is authorized to represent them, the Department of Justice is not appearing on their behalf.

Government has been revising its redress procedures relating to watchlisting and has been reassessing the DHS TRIP complaints of plaintiffs in other cases before this Court. Because of these revisions, Plaintiff's pleading — which challenges now-outdated procedures — raises both mootness and exhaustion issues. In order to ensure that this case is properly framed before the Court and to conserve judicial and party resources, the official-capacity defendants hereby move for a sixty-day stay of the January 14, 2015 deadline for Defendants to answer or otherwise respond to Plaintiff's Third Amended Complaint. This stay will grant the Government necessary and sufficient time to reassess Plaintiff's DHS TRIP request and potentially resolve these procedural and jurisdictional issues. It will also serve the interests of judicial economy by ensuring that the dispute placed before the Court is appropriately ripe and framed for consideration. In conjunction with this motion, Defendants propose that, at the conclusion of this sixty-day period, the parties file a status report conveying their views of how the case should proceed at that time. Should the Court deny this request, Defendants move in the alternative an extension of time to February 11, 2015, to prepare their initial response, including potentially a Rule 12 motion, to Plaintiff's Third Amended Complaint. Undersigned counsel has conferred with Plaintiff's counsel, who advise that Plaintiff consents to this requested relief.

## ARGUMENT

In light of the fact that Plaintiff's complaint seeks to challenge watchlisting procedures that are under revision, and in consideration of this Court's decisions in *Latif et al. v. United States Department of Justice et al.*, No. 3:10-cv-00750-BR, and *Tarhuni v. Holder, et al.*, No. 3:13-CV-00001-BR, Defendants respectfully submit that the interests of judicial economy warrant a sixty-day stay of this action so that Plaintiff's DHS TRIP complaint can be reevaluated.

As the Court is aware, the Government has been revising its redress process regarding the No Fly List, in coordination with the various agencies involved in aviation security screening, informed by the myriad legal and policy concerns that affect the Government's administration of the No Fly List and the redress process, and with full consideration of the Court's June 2014 opinion in *Latif*. Reapplication of DHS TRIP complaints is ongoing in those cases.

Consistent with its position in those cases, the Government respectfully submits that Plaintiff's DHS TRIP complaint likewise should be reassessed. Plaintiff's recently filed amended pleading confirms that, as before, this case presents many of the same issues as those presented in *Latif* and *Tarhuni*. Plaintiff's myriad claims against Defendants are centered upon the alleged placement of Plaintiff on the No Fly List and allege constitutional infirmity from such alleged placement. *See* Claim 1 ("Defendants have violated and are continuing to violate this right by placing plaintiff without cause on the No-Fly List…."); 2 ("By placing plaintiff's name on the No-Fly List, defendants have violated and are continuing to violate this right…."); 3 (vagueness challenge of alleged No Fly List placement); 4 ("It is a policy, custom, and practice of defendants to place individuals on the No-Fly List once they have departed the United States…."); 6 ("Defendants' actions in placing and keeping plaintiff on the FBI-maintained, secret No-Fly List … violated and are continuing to violate plaintiff's right to procedural due process under the Fifth Amendment."); 7 ("It is a policy, custom, and practice of defendants to place individuals on the No-Fly List in order to coerce them into becoming informants/agents provocateur for the FBI.").[2]

---

[2] Claims 5, 8, 9, 10, 11, 12, 13, 14 do not appear to be brought against United States official-capacity Defendants. Claims 15-19 are brought against the official-capacity Defendants but it is unclear whether these claims relate to Plaintiff's No Fly List claims. *See* Third Am. Compl. at 36–40.

Because these claims are intertwined with questions about the application and process of redress relating to the No Fly List, all of the official-capacity claims should be stayed pending a reassessment of Plaintiff's DHS TRIP request.  These claims are inherently interconnected and likely would be implicated by a reapplication of the process.  First, reapplication of the process could moot Plaintiff's substantive claims relating to his alleged placement on the No Fly List.  Relatedly, revised and re-applied procedures could affect the substantive basis for any placement decision made with respect to Plaintiff's alleged placement on the No Fly List, if any.  Moreover, any procedural due process claim would be based on application of new procedures.  Finally, the posture of this case after application of new procedures could clarify additional issues for review.

A temporary stay here is consistent with the procedure the Court has set forth in *Latif* and *Tarhuni* for efficiently presenting related No Fly List matters for judicial review.  It is also consistent with the principle that "[a]dministrative agencies have an inherent authority to reconsider their own decisions, since the power to decide in the first instance carries with it the power to reconsider."  *Trujillo v. General Electric Co.,* 621 F.2d 1084, 1086 (10th Cir. 1980); *see also Lute v. Singer Co.,* 678 F.2d 844, 846 (9th Cir. 1982) (discussing *Trujillo*); *NRDC v. Norton*, 2007 WL 14283 at *8 (E.D. Cal. Jan. 3, 2007) (collecting cases).  A stay also can avoid unnecessary litigation and the consumption of resources.  *See Sierra Club v. Antwerp*, 560 F. Supp. 2d 21, 23 (D.D.C. 2008) ("an agency wishing to reconsider its action, should move the court to remand or hold the case in abeyance pending the agency's reconsideration") (citing *Anchor Line Ltd. v. Fed. Mar. Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962)).

Defendants do not seek a six-month period for the process, as they requested in the other cases, but rather a sixty-day stay.  This sixty-day timeframe reflects the need to conduct assessments; to prepare an appropriate DHS TRIP response to Plaintiff, if necessary; to permit

Plaintiff time to respond, if necessary; and for the DHS TRIP process to reach a final determination after considering Plaintiff's response, again, if necessary.

Should the Court decline to grant a stay, Defendants respectfully request a four-week extension of time, to February 11, 2015, to prepare their response to Plaintiff's Third Amended Complaint on behalf of the official capacity Defendants. Plaintiff's pleading brings nineteen claims, many of them new, against numerous defendants, some of whom have not previously been defendants in this matter. Counsel for the official capacity Defendants requires additional time to prepare a response to the Third Amended Complaint in light of the press of other pending matters, including in other cases before this court, and to further assess a response to new claims against new defendants. Should the Court not stay the case, we request a modest amount of additional time to permit that consideration to continue and for the official capacity Defendants to prepare necessary papers, including potential Rule 12 briefing.

## CONCLUSION

For the foregoing reasons, and with Plaintiff's consent, Defendants sued in their official capacity move for a sixty-day stay. At the conclusion of this sixty-day period, Defendants propose that the parties file a status report conveying their views of how the case should proceed at that time. Should the Court deny this motion, the official capacity Defendants move in the alternative for an extension of time to February 11, 2015, to prepare their initial response, including potentially a Rule 12 motion, to Plaintiff's Third Amended Complaint.

Dated: January 13, 2015                     Respectfully submitted,

                                            JOYCE R. BRANDA
                                            Acting Assistant Attorney General

                                            DIANE KELLEHER
                                            Assistant Branch Director

*s/ Brigham J. Bowen*
BRIGHAM J. BOWEN
Senior Counsel
Civil Division, Federal Programs Branch
U.S. Department of Justice
P.O. Box 883
Washington, D.C.  20044
Tel.: (202) 514-6289
Fax: (202) 616-8470
E-mail: Brigham.Bowen@usdoj.gov

*Attorneys for Defendants Federal Bureau
of Investigation, Eric Holder, United States
of America, State Department, John Kerry,
James B. Comey, Christopher M. Piehota,
James Clapper, Michael S. Rogers, and
National Security Agency*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was delivered to all counsel of record

via the Court's ECF notification system.

*s/ Brigham J. Bowen*
BRIGHAM J. BOWEN