

*Office of the Administrator*

**U.S. Department of Homeland Security**
601 South 12th Street
Arlington, VA 20598-6001

**Transportation Security Administration**

## DECISION AND ORDER

On February 19, 2015, Yonas Fikre, through his counsel, submitted a response to the Department of Homeland Security Traveler Redress Inquiry Program (DHS TRIP) providing reasons why he believed his placement on the No Fly List was in error and requesting his removal from that List. For the reasons set forth below, I determine that Mr. Fikre should remain on the No Fly List.

On November 19, 2013, Mr. Fikre submitted an inquiry to DHS TRIP describing his travel difficulties. On January 23, 2014, DHS TRIP informed Mr. Fikre it had conducted a review of his records and determined that no changes were warranted at that time. On February 12, 2015, DHS TRIP informed Mr. Fikre that it was reevaluating his redress inquiry. DHS TRIP informed Mr. Fikre that he was on the No Fly List because he had been identified as an individual who "may be a threat to civil aviation or national security." 49 U.S.C. § 114(h)(3)(A). In particular, it had been determined that he was an individual who represents a threat of engaging in or conducting a violent act of terrorism and who was operationally capable of doing so.

In addition, DHS TRIP encouraged him to respond with relevant information if he believed the determination was in error or if he felt the information provided to him was inaccurate. DHS TRIP did not provide additional information supporting his placement on the No Fly List because additional disclosure of certain information would risk harm to national

security and jeopardize law enforcement activities. On February 19, 2015, Mr. Fikre, through his counsel, responded that he believed he received insufficient notice to allow him to respond meaningfully to DHS TRIP's determination. Mr. Fikre did not submit any evidence in support of his response.

Upon review of all of the information Mr. Fikre has submitted to DHS TRIP, as well as other information available to me related to Mr. Fikre's placement on the No Fly List, I find that Mr. Fikre may be a threat to civil aviation or national security; in particular, I find that he is an individual who represents a threat of engaging in or conducting a violent act of terrorism and who is operationally capable of doing so. I therefore conclude that Mr. Fikre is properly placed on the No Fly List and no change in status is warranted.

Consistent with the protection of national security and law enforcement activities, I can provide the following explanation of my decision:

- I have considered Mr. Fikre's contention that he "categorically denies that he represents a threat of engaging in or conducting a violent act of terrorism or that he is operationally capable of doing so." I conclude, however, that the information available supports Mr. Fikre's placement on the No Fly List.

This conclusion does not constitute the entire basis of my decision, but I am unable to provide additional information. Without specifying all possible grounds for withholding information in this case, information has been withheld for the following particular reasons:

- additional disclosure would risk harm to national security; and
- additional disclosure would jeopardize law enforcement activities.

No Fly List determinations, including this one, are not based solely on the exercise of Constitutionally protected activities, such as the exercise of protected First Amendment activity.

This determination constitutes a final order and is reviewable in a United States Court of Appeals pursuant to 49 U.S.C. § 46110 or as otherwise appropriate by law. A petition for review must be filed within 60 days of issuance of this order.

_3/9/15_
DATED

Melvin J. Carraway
Acting Administrator
Transportation Security Administration