IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

YONAS FIKRE,                                    3:13-cv-00899-BR

               Plaintiff,              OPINION AND ORDER

v.

FEDERAL BUREAU OF INVESTIGATION;
LORETTA E. LYNCH, in her official
capacity as Attorney General of
the United States; DEPARTMENT OF
STATE; JOHN KERRY, in his official
capacity as Secretary of State;
UNITED STATES OF AMERICA; JAMES B.
COMEY, in his official capacity
as Director of the Federal Bureau
of Investigation; CHRISTOPHER M.
PIEHOTA, in his official capacity
as Director of the FBI Terrorist
Screening Center; JAMES CLAPPER,
in his official capacity as
Director of National Intelligence;
MICHAEL S. ROGERS, in his official
capacity as Director of the National
Security Agency; NATIONAL SECURITY
AGENCY; DAVID NOORDELOOS, an
employee of the Federal Bureau of
Investigation, in his official and
individual capacity; JOHN DOE I,
also known as JASON DUNDAS, an
employee of the Federal Bureau of
Investigation, in his official and
individual capacities; and JOHN/JANE
DOES II-XX, agents of the United
States,

               Defendants.

1 - OPINION AND ORDER

**GADEIR I. ABBAS**
**WILLIAM J. BURGESS**
Council on American-Islamic Relations
453 New Jersey Avenue, S.E.
Washington, D.C. 2003
(720) 251-0425

**BRANDON B. MAYFIELD**
3950 S.W. 185th Avenue
Beaverton, Oregon 97007
(503) 941-5101

**THOMAS H. NELSON**
P.O. Box 1211
Welches, Oregon 97067-1211
(503) 622-3262

                    Attorneys for Plaintiff


**LORETTA E. LYNCH**
United States Attorney General
**BENJAMIN C. MIZER**
Principal Deputy Assistant Attorney General
**RUPA BHATTACHARYYA**
Director, Civil Division, Torts Branch
**MARY HAMPTON MASON**
Senior Trial Counsel, Civil Division, Torts Branch
**DAVID G. CUTLER**
United States Department of Justice
Civil Division, Torts Branch
P.O. Box 7146
Ben Franklin Station
Washington, D.C. 20044-7146
(202) 616-0674

              Attorneys for Defendant David Noordeloos

**BROWN, Judge.**

This matter comes before the Court on Defendant David

Noordeloos's Limited Appearance (#77) to Contest Service.  For

the reasons that follow, the Court **GRANTS** Agent Noordeloos's

2 - OPINION AND ORDER

Motion and **DISMISSES** this matter as to Agent Noordeloos **without prejudice**.


## BACKGROUND

Plaintiff filed this action on May 30, 2013, bringing statutory, constitutional, and common-law claims against various Official Capacity and Individual Capacity Defendants stemming from Plaintiff's alleged placement on the No-Fly List and imprisonment and torture in the United Arab Emirates. Plaintiff alleges Agent Noordeloos is an agent with the Federal Bureau of Investigation (FBI) and, together with several John and Jane Doe Defendants, is among the Individual Capacity Defendants in this matter. Plaintiff promptly served most of the named Defendants and since has engaged in protracted Rule 12 litigation with the Official-Capacity Defendants.

In September 2015, more than two years after Plaintiff filed this action, Agent Noordeloos received a waiver of service form from Plaintiff. On September 21, 2015, Agent Noordeloos filed a Limited Appearance (#77) to Contest Service. With his Response to Agent Noordeloos's Motion Plaintiff filed the Declaration of Thomas H. Nelson (#79-1), one of Plaintiff's counsel, in which he details Plaintiff's efforts to locate and to serve Agent Noordeloos. In his Declaration Plaintiff's counsel states as follows:

Counsel's first contact with Agent Noordeloos came in July 2011 when Plaintiff was allegedly imprisoned in the United Arab Emirates.  On July 9, 2011, counsel contacted Agent Noordeloos by email at a State Department email address previously provided to Plaintiff.  On July 11, 2011, Agent Noordeloos responded by acknowledging that he met with Plaintiff at the United States Embassy in Khartoum, Sudan, in 2010, but that he could not provide any assistance with regard to Plaintiff's current situation.

On October 14, 2011, Plaintiff's counsel contacted Agent Jared Garth of the Portland FBI Field Office.  Plaintiff's counsel believed Agent Garth was legal counsel at the Portland Field Office and previously had worked with Plaintiff's counsel on other matters.  Plaintiff's counsel asked Agent Garth whether Agent Noordeloos was stationed in the Portland Field Office and whether counsel could meet with Noordeloos.  Agent Garth responded that Agent Noordeloos was no longer stationed in the Portland Field Office, but that counsel could direct his request to Agent Garth.  Counsel, however, again asked Agent Garth whether he knew where Agent Noordeloos was so counsel could speak with him, but Agent Garth still responded counsel could direct any request to him.  On October 19, 2011, counsel asked Agent Garth whether there was a publicly available roster of Portland FBI agents.  Agent Garth responded such roster did not exist and

4 - OPINION AND ORDER

that agents' names are redacted under the Privacy Act.  For some
reason Plaintiffs' counsel interpreted Agent Garth's responses as
indicating Agent Noordeloos was represented by legal counsel,
and, accordingly, Plaintiff's counsel did not make any other
attempt to contact Agent Noordeloos directly.

On August 24, 2015, at oral argument regarding the Official
Capacity Defendants' Motion (#69) to Dismiss, the Court raised

After Plaintiff filed this action on May 30, 2013, Plaintiff
did not make any attempt to serve Agent Noordeloos because,
according to Plaintiff's counsel, Plaintiff did not have any
address at which to contact him.  The Court notes Plaintiff's
counsel states only that he "spent many hours on the Internet
attempting to locate Mr. Noordeloos," but he has been unable to
do so.  Nelson Decl. (#79-1) ¶ 15.

On August 24, 2015, at oral argument regarding the Official
Capacity Defendants' Motion (#69) to Dismiss, the Court raised
its concern about Plaintiff's delay in serving the Individual
Capacity Defendants.  At that time, however, the Court was
unaware of which steps, if any, Plaintiff had taken to serve
Agent Noordeloos or any of the Individual Capacity Defendants.

On August 28, 2015, two years and three months after
Plaintiff filed this action and four days after the oral argument
on the Official Capacity Defendants' Motion to Dismiss,
Plaintiff's counsel engaged the services of a "commercial
enterprise claiming to specialize in locating individuals."
Nelson Decl. (#79-1) ¶ 16.  After that firm provided Plaintiff's

counsel with a list of addresses associated with individuals
named "Noordeloos" and who met other criteria, Plaintiff's
counsel sent a form requesting waiver of service to what
Plaintiff's counsel determined to be the likeliest address for
Agent Noordeloos.  Although Agent Noordeloos no longer resided at
that address, Plaintiff's request for waiver of service was
forwarded to the address at which Agent Noordeloos currently
resides.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 4(m), Agent
Noordeloos moves to contest service and to dismiss Plaintiff's
claims against him on the basis that Plaintiff has not
effectuated service within 120 days after filing the Complaint.
Rule 4(m) provides:

> If a defendant is not served within 120 days after the
> complaint is filed, the court – on motion or on its own
> after notice to the plaintiff – must dismiss the action
> without prejudice against that defendant or order that
> service be made within a specified time.  But if the
> plaintiff shows good cause for the failure, the court
> must extend the time for service for an appropriate
> period.

"Rule 4(m) . . . requires a district court to grant an extension
of time when the plaintiff shows good cause for the delay" and
also "permits the district court to grant an extension even in
the absence of good cause."  *Efaw v. Williams*, 473 F.3d 1038,

6 - OPINION AND ORDER

1040 (9th Cir. 2007)(citing *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003)).  "District courts have broad discretion to extend time for service under Rule 4(m)," but "no court has ruled that the discretion is limitless." *Efaw*, 473 F.3d at 1041.  When exercising its discretion the "court may consider factors "like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Id.*

In *Efaw* the Ninth Circuit found the district court abused its discretion when it denied the defendant's motion for dismissal and granted additional time to serve the defendant because (1) the length of the delay (seven years) was extraordinary, the plaintiff did not offer a reasonable explanation for the delay, and there was not any evidence that the defendant attempted to evade service; (2) there was not any evidence that the defendant knew about the action notwithstanding the plaintiff's failure to effectuate service; and (3) the delay prejudiced the defendant because memories had faded and a key witness had died.  *Id.*  "Exercise of discretion to extend time to complete service is appropriate when, for example, a statute-of-limitations bar would operate to prevent re-filing of the action." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

**I.   Good Cause**

The Court begins its analysis by determining whether Plaintiff has demonstrated good cause and, therefore, whether Plaintiff is entitled to an extension of time to serve Agent Noordeloos.  *See Lemoge*, 587 F.3d at 1198.

Plaintiff contends he meets the good-cause requirement in light of the fact that the Official-Capacity Defendants did not help Plaintiff to locate Agent Noordeloos.  Plaintiff, however, does not cite any authority for the extraordinary proposition that a defendant in a lawsuit is under any obligation to help a plaintiff to locate and to serve a co-defendant.  Moreover, as Agent Noordeloos notes, the Privacy Act generally prohibits the government from disclosing personal information that it possesses except under limited circumstances.  *See* 5 U.S.C. § 552a(b).  In any event, the Court notes Plaintiff did not seek the Court's assistance in requiring the Official Capacity Defendants to provide discovery that might have located Agent Noordeloos earlier.  Accordingly, the mere fact that the Official Capacity Defendants did not volunteer to help Plaintiff to locate Agent Noordeloos does not establish good cause for Plaintiff's failure to serve Agent Noordeloos timely.

Plaintiff's other attempts to locate and to serve Agent Noordeloos also fall far short of establishing good cause.  Until the Court raised the issue of serving Agent Noordeloos at the August 24, 2015, oral argument more than two years after

8 - OPINION AND ORDER

Plaintiff filed this action, the only steps that Plaintiff's counsel had taken to locate and to serve Agent Noordeloos with the Complaint was to spend "many hours on the Internet attempting to locate Mr. Noordeloos." Nelson Decl. (#79-1) ¶ 15. Thus, on this record the Court finds Plaintiff did not make any meaningful attempt to locate Agent Noordeloos in the more than two years that this case was pending until the Court raised the issue and Plaintiff subsequently retained the services of a private investigator. Moreover, the ease with which Plaintiff made contact with Agent Noordeloos after retaining the private investigator demonstrates that locating and serving Agent Noordeloos was easily possible throughout the course of this litigation if Plaintiff had sought to do so.

On this record, therefore, the Court concludes Plaintiff has not demonstrated good cause for failing to serve Agent Noordeloos within the 120-day period required by Rule 4(m).

## II.  Discretionary Extension of Time

As noted, even when a plaintiff fails to show good cause, the court has discretion to grant the plaintiff an extension of time in which to effectuate service. When considering whether to exercise its discretion to grant such an extension, the Court considers the factors from *Efaw* and *Lemoge*. *See Efaw*, 473 F.3d at 1041. *See also Lemoge*, 587 F.3d at 1198.

In this case the more than two-year delay is quite significant.  Moreover, the delay is particularly unreasonable in light of the fact that Plaintiff failed to make any meaningful effort to locate and to serve Agent Noordeloos during the period before the Court raised the issue.  In addition, there is not any evidence in the record that Agent Noordeloos has attempted to evade service.

On the other hand, even though there is not any direct evidence in the record that demonstrates Agent Noordeloos knew about this litigation, the Court concludes it is likely that he was aware of its pendency considering the media coverage of the litigation between Plaintiff and the Official Capacity Defendants.  Even if he was aware of Plaintiff's ongoing litigation against the Official Capacity Defendants, however, he would not necessarily know  that Plaintiff brought claims against him individually.

Although it is likely that some memories may have faded during the two-year delay, there is not any evidence here, as there was in *Efaw*, of any witnesses who have died or become unavailable or documentary evidence that has been lost or destroyed.  *See Efaw*, 473 F.3d at 1041.  Thus, the record does not reflect Agent Noordeloos has been prejudiced similarly by the

delay.  Nevertheless, the grant of additional time to serve Agent
Noordeloos would substantially prejudice the Official Capacity
Defendants because at least some discovery or summary-judgment
litigation would likely have to be stayed pending resolution of
Agent Noordeloos's anticipated qualified-immunity defense.
Qualified immunity is "an immunity from suit rather than a mere
defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526
(1985).  *See also Jones v. County of Los Angeles*, No. 12-55995,
2015 WL 5515727, at *4 (9th Cir. Sep. 21, 2015).  Accordingly,
courts routinely stay discovery of related matters when a
defendant raises a qualified-immunity defense.  *See, e.g.*, *Harris
v. Thom*, 481 F. App'x 394, 395 (9th Cir. 2012)("The district
court did not abuse its discretion staying discovery pending
resolution of Thom's qualified immunity claim."); *Packnett v.
Patrakis*, 441 F. App'x 462, 463 (9th Cir. 2011)("The district
court did not err in staying discovery pending resolution of
defendants' qualified immunity claim.").  In light of the fact
that many of the claims against Agent Noordeloos are factually
and legally intertwined with the claims against the Official
Capacity Defendants, it is likely many of the claims against the
Official Capacity Defendants could not go forward until Agent
Noordeloos's qualified-immunity defenses were resolved.  Thus,

the Court concludes granting Plaintiff additional time to serve
Agent Noordeloos would result in a further delay of this more
than two-year-old case for many months or, if the procedural
history of this matter to date is any indication, potentially for
years.

Finally, the parties agree many of Plaintiff's claims
against Agent Noordeloos would be barred by the statute of
limitations if this Court dismissed those claims for failure to
effectuate service.  Generally the "[e]xercise of discretion to
extend time to complete service is appropriate when, for example,
a statute-of-limitations bar would operate to prevent re-filing
of the action." *Lemoge*, 587 F.3d at 1198.  In this case,
however, Plaintiff "slept on his right" to bring and to prosecute
claims against Agent Noordeloos when he failed to take any
meaningful steps toward locating and serving Agent Noordeloos.
To permit a plaintiff to make an end-run around the statute of
limitations by nominally filing claims within the period required
by Rule 4(m) against an individual without making a meaningful
effort to prosecute those claims would frustrate the purpose of
the statute of limitations.  *See American Pipe & Cont. Co. v.
Utah*, 414 U.S. 538, 554-55 (1974)(noting one of the purposes of a
statute of limitations is to bar a plaintiff who has "slept on

his rights"). *See also Albano v. Shea Homes Ltd. Partnership*, 634 F.3d 524, 531-32 (9th Cir. 2011)(same).  Thus, the fact that the statute of limitations has run on many of Plaintiff's claims against Agent Noordeloos does not provide a compelling reason for the Court to exercise its discretion by granting Plaintiff additional time to serve Agent Noordeloos.

After almost two and a half years of litigation between Plaintiff and the Official Capacity Defendants, this case already has a long and complex procedural history.  As noted, despite the passage of this time, Plaintiff failed to make any meaningful effort to locate and to serve Agent Noordeloos as required by Rule 4(m) until this Court raised the issue more than two years after Plaintiff filed his Complaint.

Accordingly, in the exercise of its discretion, the Court declines to permit Plaintiff additional time to serve Agent Noordeloos and, even though the Court dismisses Plaintiff's claims against Agent Noordeloos without prejudice pursuant to Rule 4(m), the Court understands Plaintiff may not be able to reassert any claims that are now barred by the applicable statutes of limitations.

13 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **GRANTS** Agent Noordeloos's Limited Appearance (#77) to Contest Service and **DISMISSES** this matter as to Agent Noordeloos **without prejudice**.

IT IS SO ORDERED.

DATED this 4th day of November, 2015.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

14 - OPINION AND ORDER