IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**YONAS FIKRE**,

       Plaintiff,

v.

**FEDERAL BUREAU OF INVESTIGATION**, et al.,

       Defendants.

No. 3:13-cv-00899-MO

OPINION AND ORDER

**MOSMAN, J.,**

This matter comes before me on Plaintiff Yonas Fikre's Motion for Leave to File an Eighth Amended Complaint ("Mot.") [ECF 184], in which Mr. Fikre seeks to accomplish two main objectives: (1) add new factual allegations, and (2) add a Religious Freedom Restoration Act ("RFRA") claim. *See* Eighth Amended Complaint ("Eighth Amend. Compl.") [ECF 184] Ex. 1. At oral argument, I granted Mr. Fikre's Motion with respect to his proposed factual allegations. Mins. of Proceedings [ECF 194]. In doing so, I discussed all five *Foman v. Davis*, 371 U.S. 178 (1962) factors. The only issue I left open is whether Mr. Fikre's proposed RFRA claim is futile. For the reasons discussed below, I find Mr. Fikre's proposed RFRA claim futile, and I DENY his Motion with respect to this claim.

## DISCUSSION

Mr. Fikre seeks to allege that the Government violated RFRA by disseminating his Terrorist Screening Database ("TSDB") and No Fly List Statuses (collectively, "watchlist status") internationally, which caused Saudi Arabia to deny him entry to perform *umrah*—an Islamic ritual

1 – OPINION AND ORDER

that can only be done in Mecca. *See* Eighth Amend. Compl [ECF 184] Ex. 1, ¶¶ 231-43. As discussed below, I find this claim futile for two primary reasons: (1) it is insufficiently pleaded under Federal Rule of Civil Procedure 8 ("Rule 8"); and (2) even if it was adequately pleaded, Mr. Fikre cannot sustain valid RFRA claim under this theory.

## I.  Pleading Deficiencies

As an initial matter, Mr. Fikre's proposed RFRA claim is futile because it is inadequately pleaded under Rule 8 and, therefore, would not survive a Rule 12(b)(6) motion to dismiss. *See Robillard v. Opal Labs, Inc.*, 337 F. Supp. 3d 962, 969 (D. Or. 2018) ("The standard to be applied [to futility] is identical to that on a motion to dismiss for failure to state a claim under Rule 12(b)(6)."). Rule 8 requires plaintiffs to allege sufficient facts that, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see* Fed. R. Civ. P. 8(a)(2). A claim is facially plausible "when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. To make this determination, courts must generally "accept as true all of the allegations contained in a complaint" except for those allegations that are legal conclusions or implausible. *Id.*

Accepting as true Mr. Fikre's well-pleaded factual allegations, his proposed RFRA claim is facially implausible because his allegations are too vague to assign the Government responsibility for Saudi Arabia's actions. In his proposed Eighth Amended Complaint, Mr. Fikre alleges that, after he was denied entry into Saudi Arabia, he was allowed to photograph an internal Saudi Arabia government document, which stated that Mr. Fikre was denied entry because there was an "indication on his passport that [Mr. Fikre] did something." Eighth Amend. Compl. [ECF 184] Ex. 1, ¶ 168. The fact that Mr. Fikre had an "indication on his passport that he did something,"

though, does little to support his claim that the Government was in some way involved in Saudi Arabia's decision to deny him entry. In fact, no factual allegation suggests that Mr. Fikre's inability to enter Saudi Arabia was anything more than a third party—Saudi Arabia's—independent and voluntary decision to deny him entry. *See id.* ¶¶ 161-169. Without more specific factual allegations describing a link between an action taken by the Government and Saudi Arabia denying Mr. Fikre entry, he fails to allege a plausible RFRA claim.

To attempt to solve this vagueness problem, Mr. Fikre alleges that the "indication" on his passport was created by the Government's placement of Mr. Fikre on the watchlist, and its subsequent dissemination of his watchlist status to other countries. *Id.* ¶ 168. In other words, Mr. Fikre takes his personal experience in Saudi Arabia and attempts to draw from it a conclusion, without any factual support, that the "indication" on his passport was created by his watchlist status. This allegation is not only conclusory, but it is also implausible. *See Ashcroft*, 556 U.S. at 678. According to Mr. Fikre, Saudi Arabia has already—on at least one occasion prior to 2024—permitted Mr. Fikre entry, despite his alleged inclusion on the watchlist. Eighth Amend. Compl. [ECF 184] Ex. 1, ¶¶ 114, 116, 131. It is therefore implausible that Saudi Arabia would subsequently deny Mr. Fikre entry in 2024 based *solely* on his watchlist status.[1] Because these allegations are conclusory and implausible, I decline to accept them as true, *see Ashcroft*, 556 U.S. at 678. Accordingly, I find that Mr. Fikre's proposed RFRA claim fails to satisfy the Rule 8 pleading standard and is therefore futile.

---

[1] The Government also made clear at oral argument that, as a matter of checking passports at the border, an individual's watchlist status is not, as Mr. Fikre alleges, affixed to or presented as an "indication" on one's passport. While this assertion cannot form a basis for rebutting the allegations in the proposed Eighth Amended Complaint, I do note that it is consistent with the overall watchlist scheme described in the complaint and was not rebutted at oral argument.

3 – OPINION AND ORDER

## II.     Substantive Deficiencies

More fundamentally, Mr. Fikre's proposed RFRA claim is futile because it suffers substantive deficiencies; that is, even if his proposed claim was adequately pleaded, Mr. Fikre cannot sustain a valid RFRA claim under this theory. *See Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (leave to amend should be denied as futile if no set of facts under the amendment would constitute a valid and sufficient claim). RFRA provides that the "*Government* shall not substantially burden a person's exercise of religion" unless [it's conduct] is 1) "in furtherance of a compelling government interest;" and 2) "the least restrictive means of furthering that compelling interest." 42 U.S.C. § 2000bb-1(a)-(b) (emphasis added). According to the recent Ninth Circuit decision, *Apache Stronghold v. United States*, 101 F.4th 1036 (9th Cir. 2024), the Government does not impose a substantial burden on religious exercise when its actions have "no tendency to coerce individuals into acting contrary to their religious beliefs, do not discriminate against religious adherents, do not penalize them, and do not deny them an equal share of the rights, benefits, and privileges enjoyed by other citizens." *Apache Stronghold*, 101 F.4th at 1055 (cleaned up) (quoting *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 449-50, 453 (1988)) (overruling *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058 (9th Cir. 2008) as to its definition of "substantial burden").

Here, the Government's alleged actions—disseminating Mr. Fikre's watchlist status to other countries, Eighth Amend. Compl. [ECF 184] Ex. 1, ¶ 235—do not "coerce" Mr. Fikre to act contrary to his religious belief or deny him "an equal share of the rights, benefits, and privileges enjoyed by other [United States] citizens." *Apache Stronghold*, 101 F.4th at 1057. In fact, the Government, by disseminating his watchlist status to other countries, does not have any control over or know what other countries will do with that information, including, for example, denying

Mr. Fikre entry to perform a religious ritual. Without any allegation that the Government has in some way substantially burdened Mr. Fikre's religious exercise, his proposed RFRA claim fails.

Mr. Fikre attempts to overcome this deficiency by assigning the Government responsibility for Saudi Arabia's actions, which Mr. Fikre alleges substantially burdened his religious exercise because he was unable to perform *umrah*. Eighth Amend. Compl. [ECF 184] Ex. 1, ¶ 235. The Government, however, generally cannot be held responsible for a third party's independent and voluntary response to its actions. *See El Ali v. Barr*, 473 F. Supp. 3d 479, 526 (D. Md. 2020) (finding that the government cannot be responsible under RFRA for a third party's independent and voluntary decision to deny plaintiff religious volunteer opportunities, even though it was prompted by his presence on the watchlist). Because there are no allegations that the Government coerced or was in any way involved with Saudi Arabia's decision to deny Mr. Fikre entry, I cannot hold the Government responsible for this foreign nation's actions.

At oral argument, Mr. Fikre argued that I should ignore this rule based on *Humphries v. Cnty. of Los Angeles*, 554 F.3d 1170 (9th Cir. 2008), *rev.'d on other grounds*, 562 U.S. 29 (2010), because enough of a causal connection exists between the Government's actions—disseminating a "stigmatizing" list to other countries—and Saudi Arabia's response—reflexively checking the Government's list before permitting individuals entry—to justify holding the Government responsible. *Humphries* involves a "stigma plus" procedural due process claim, in which parents alleged that their erroneous inclusion in the California Child Abuse Central Index ("CACI") deprived them of a liberty interest because CACI is disseminated to a "broad range of third parties" who are required by California statute to check it before conferring legal rights and benefits. *Id.* at 1177. Agreeing that this stated a sufficient "plus" factor, the court held that a "tangible burden"

5 – OPINION AND ORDER

can be created "where a law effectively requires agencies to check a stigmatizing list and investigate any adverse information prior to conferring a legal right or benefit." *Id.* at 1188.

*Humphries* is distinguished from our case in two material ways. First, *Humphries* involves a "stigma plus" procedural due process claim, which is a different category of claim than a RFRA claim. 554 F.3d at 1184-85. A procedural due process claims involves an alleged deprivation of a constitutionally protected liberty interest, while a RFRA claim involves an alleged violation of a statutory right. Mr. Fikre does not cite, and I am not aware of, any caselaw to suggest that the "stigma plus" liberty interest protected by the Due Process Clause is also protected by RFRA. *See Hart v. Parks*, 450 F.3d 1059, 1069-70 (9th Cir. 2006) (finding that the Due Process Clause protects a liberty interest in one's reputation when it is "stigmatized in connection with the denial of a 'more tangible' interest") (quoting *Paul v. Davis*, 424 U.S. 693, 701 (1976)).

Second, unlike in *Humphries*, in which the deprivation of the plaintiffs' liberty interest was imposed by operation of California law, no "statutory scheme" effectively requires other countries to check one's watchlist status or deny its listees entry. *Humphries*, 554 F.3d at 1189 ("Our decision is limited to those stigma-plus situations where both the defamatory statement and the tangible burden on a legal right are statutorily created.") (quotations omitted). Not only is the watchlist governed by a presidential directive rather than federal statute, *see* Eighth Amend. Compl. [ECF 184] Ex. 1, ¶ 18, but the watchlist "creates no scheme—either formally or informally—that purposefully" deprives watchlist listees from entering other countries. *Fikre v. Wray*, 2020 WL 4677516, at *11 (D. Or. Aug. 12, 2020), *vacated and remanded sub nom. on other grounds by Fikre v. Fed. Bureau of Investigation*, 35 F.4th 762 (9th Cir. 2022), *aff'd*, 601 U.S. 234 (2024).

For these reasons, *Humphries* is inapposite to this case and does not save Mr. Fikre's proposed RFRA claim. I find that the alleged dissemination of Mr. Fikre's watchlist status to other countries does not constitute a "substantial burden" on his religious exercise, and that the Government cannot be held responsible for Saudi Arabia's independent and voluntary decision to deny Mr. Fikre entry. I therefore conclude that Mr. Fikre cannot allege a valid RFRA claim under this theory, and his proposed RFRA claim is futile. Plaintiff's Motion is DENIED with respect to this claim.

## CONCLUSION

For the reasons discussed above, Defendant's Motion for Leave to File an Eighth Amended Complaint [ECF 184] is DENIED with respect to his RFRA claim.

IT IS SO ORDERED.

DATED this 14th day of January, 2025.

_____
MICHAEL W. MOSMAN
Senior United States District Judge

7 – OPINION AND ORDER