IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **YONAS FIKRE,**<br><br>        Plaintiff,<br>v.<br><br>**FEDERAL BUREAU OF INVESTIGATION, et al.,**<br><br>        Defendants. | No. 3:13-cv-00899-MO<br><br>OPINION AND ORDER |

MOSMAN, J.,

This matter comes before me on the Government's Motion to Dismiss Plaintiff Yonas Fikre's Eighth Amended Complaint ("Defs. Mot.") [ECF 202]. Oral argument was held on June 4, 2025. Minutes of Proceedings [ECF 221]. For the reasons stated on the record, I DENY the Government's motion except as follows.

## DISCUSSION

### I.  Facial Claim

Mr. Fikre argues that his Eighth Amended Complaint states a facial challenge to the No Fly List. Plaintiff's Response ("Pl.'s Resp.") [ECF 211] at 15-16. To state a facial claim, Mr. Fikre must allege that there is "no set of circumstances … under which the [No Fly List] would be valid," or that it "lacks a 'plainly legitimate sweep.'" *Moody v. NetChoice, LLC*, 603 U.S. 707, 723 (2024) (quoting *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008)); *see also U.S. v. Salerno*, 481 U.S. 739, 745 (1987) (explaining that a facial challenge is "the most difficult

challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the [law] would be valid").

Mr. Fikre argues that he states a facial claim based on his allegations that the No Fly List "could be more narrowly tailored, either by permitting those on the list to fly using the Government's 'one-time' exception more broadly or by limiting the No Fly List criteria to those that have actually committed crimes or those whose flying poses and immediate and specific threat to aviation security." Pl.'s Resp. [ECF 211] at 15-16. And because these less restrictive alternatives exist in every application, Mr. Fikre argues that the No Fly List lacks a "plainly legitimate sweep." *Id.* at 16. Contrary to his representations, however, Mr. Fikre's Eighth Amended Complaint lacks such allegations. *See* Eighth Amended Complaint ("8AC") [ECF 198]. To be exact, Mr. Fikre alleges in his Eighth Amended Complaint that the No Fly List is both over and underinclusive, *see* 8AC [ECF 198] ¶¶ 223-228, but does not allege that there is "no set of circumstances … under which the [No Fly List] would be valid," or that it "lacks a 'plainly legitimate sweep.'" *Moody*, 603 U.S. at 723 (quoting *Washington State Grange*, 552 U.S. at 449).

Nor can he. Most individuals on the No Fly List are not United States citizens. *See* Threat Screening Center, https://www.fbi.gov/investigate/terrorism/tsc (last visited June 5, 2025) ("Most people on the terrorism watchlist are not Americans, and they have no known connection to the U.S.");[1] *see also Elhady v. Kable*, 993 F.3d 208, 213-14 (4th Cir. 2021) ("There are 1,160,000

---

[1] A court can take judicial notice of a fact on a Rule 12(b)(6) motion to dismiss when it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (noting that courts ruling on 12(b)(6) motions to dismiss may take into consideration "matters of which a court may take judicial notice"). It is generally appropriate to take judicial notice of information available on websites run by governmental agencies. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010); *Juliana v. United States*, 2018 WL 9802138, at *1 (D. Or. Oct. 15, 2018) ("Judicial notice may be taken of public records and

2 – OPINION AND ORDER

individuals in the TSDB, but only about 4,600 of them are U.S. citizens."). Because foreign nationals do not have a constitutional right to travel in the United States, at least some—if not most—applications of the No Fly List are not unconstitutional. *See Harisiades v. Shaughnessy*, 342 U.S. 580, 587 (1952) (explaining that foreign nationals do not have an unlimited right to enter the country). Even Mr. Fikre appears to agree that at least some circumstances—such as when individuals have actually committed crimes or pose an immediate and specific threat to aviation security—justify placing individuals on the No Fly List. *See* Pl.'s Resp. [ECF 211] at 16. I therefore find that Mr. Fikre's Eighth Amended Complaint fails to state a facial claim and GRANT the Government's motion with respect to this claim.

I. **The Secretary of State, the Director of National Intelligence, and the Director of the National Security Administration**

Mr. Fikre's Eighth Amended Complaint also asserts claims against the Secretary of State, Director of National Intelligence ("DNI"), and Director of the National Security Administration ("NSA"), despite my prior admonition that Mr. Fikre fails to allege an injury that is "fairly traceable" to these individuals. 8AC [ECF 198] ¶¶ 7, 11, 12; *see* 11/14/2019 Tr. [ECF 143] 43:17-44:3. Because Mr. Fikre does not oppose their dismissal, see Pl.'s Resp. [ECF 211] at 25-26, I GRANT the Government motion to dismiss these individuals as Defendants.

---

government documents available from reliable sources on the Internet, such as websites run by governmental agencies.") (citation modified).

3 – OPINION AND ORDER

## CONCLUSION

For the reasons discussed above, and as stated on the record at oral argument, I GRANT in part and DENY in part the Government's Motion to Dismiss [ECF 202]. I GRANT the Government's motion to dismiss Mr. Fikre's facial claim, and the Secretary of State, the DNI, and the Director of the NSA as Defendants. I DENY the Government's motion as to mootness and all other claims.

IT IS SO ORDERED.

DATED this ___ day of June, 2025.

MICHAEL W. MOSMAN
Senior United States District Judge

4 – OPINION AND ORDER