BRETT SHUMATE
Assistant Attorney General

AMY E. POWELL
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
c/o U.S. Attorney's Office for EDNC
150 Fayetteville Street, Ste. 2100
Raleigh, NC 27601
Tel: 919-856-4013
Amy.powell@usdoj.gov
SAMUEL BEAN
Trial Attorney
1100 L St. NW
Washington, DC 20005
Tel: 202-455-9619
Samuel.B.Bean2@usdoj.gov


*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| YONAS FIKRE,<br><br>　　　　*Plaintiff*, | Case 3:13-cv-00899-MO |
| v.<br><br>KASH PATEL, in his capacity as Director of the Federal Bureau of Investigation, et al.,<br><br>　　　　*Defendants*. | **ANSWER TO EIGHTH AMENDED COMPLAINT** |

## DEFENDANTS' ANSWER TO EIGHTH AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8, Defendants Kash Patel, Director, Federal

Bureau of Investigation ("FBI"); Pamela Bondi, United States Attorney General; Michael Glasheen,

Director, Threat Screening Center ("TSC"); Kristi Noem, Secretary, U.S. Department of Homeland

1

Security ("DHS"); and Ha Nguyen McNeill, Acting Administrator, Transportation Security Administration ("TSA") (collectively, "Defendants"),[1] through undersigned counsel, respectfully answer the numbered paragraphs in Plaintiff's Eighth Amended Complaint, ECF No. 198 ("8AC") as follows:

1.      The allegations in this paragraph characterize Plaintiff's action and require no response.  To the extent a response is required, denied.

2.      Defendants admit that TSC previously placed Plaintiff on the No Fly List, and deny all other allegations in this paragraph.

3.      The allegations in this paragraph characterize Plaintiff's action and require no response.  To the extent a response is required, denied.

4.      Defendants admit that Plaintiff is a U.S. citizen but otherwise lack information sufficient to form a belief as to the truth of the allegations in the first sentence.  Second sentence is denied.

5.      Defendants deny the allegations in the first three sentences and aver that Kash Patel is the Director of the FBI.  The final sentence characterizes Plaintiff's action and requires no response.

6.      Defendants deny the allegations in the first two sentences and aver that Pamela Bondi is the Attorney General of the United States. The final sentence characterizes Plaintiff's action and requires no response.

7.      The allegations in this paragraph relate to a previous party dismissed from this action and no response is required.  To the extent a response is required, denied.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), these federal officers have been substituted for their predecessors as defendants in this action. The remaining defendants named in the amended complaint have been dismissed from this action. *See* ECF No. 222.

8.      Admit the first and third sentences, but aver that the "Terrorist Screening Center" is now known as the "Threat Screening Center" and the "TSDB" is now known as the Terrorist Screening Dataset or "TSDS".  Defendants will construe references to the "TSC" as references to the Threat Screening Center and references to the "TSDB" as references to the TSDS throughout the 8AC and this Answer.  Deny the second sentence, and aver that TSC is responsible for managing the TSDS.  With respect to the fourth sentence, admit that TSC placed Mr. Fikre on the No Fly List based on a nomination and maintained him on the  No Fly List for some period of time, aver that TSA made a final determination maintaining him on the No Fly List, and otherwise deny.  The last sentence appears to relate to a dismissed party and is denied.

9.      Deny the first sentence and aver that Kristi Noem is the Secretary of DHS.  Deny the second sentence.  To the extent that the third sentence is intended to allege the current watchlist status of Plaintiff, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.  Defendants admit that some DHS components use subsets of the TSDS for lawful screening purposes, including denial of boarding when appropriate, and otherwise deny the remaining allegations in this paragraph.

10.      Deny the first sentence and aver that Ha Nguyen McNeill is the Acting Administrator of TSA.  Deny the second sentence.  Defendants admit that TSA uses subsets of the TSDS for lawful screening purposes, including denial of boarding when appropriate, and otherwise deny the remaining allegations in this paragraph.

11.      The allegations in this paragraph relate to a previous party dismissed from this action and no response is required.  To the extent a response is required, denied.

12.      The allegations in this paragraph relate to a previous party dismissed from this action and no response is required.  To the extent a response is required, denied.

13.     The allegations in this paragraph characterize Plaintiff's action and require no response.  To the extent a response is required, denied.

14.     The allegations in this paragraph constitute legal conclusions to which no response is required.

15.     The allegations in this paragraph characterize Plaintiff's action and require no response.  To the extent a response is required, denied.

16.     The allegations in this paragraph characterize Plaintiff's action and require no response.  To the extent a response is required, denied.

17.     The allegations in this paragraph characterize Plaintiff's action and require no response.  To the extent a response is required, denied.

18.     Defendants admit the President executed HSPD-6 on September 16, 2003.  The remainder of this paragraph purports to describe and selectively quote portions of HSPD-6; Defendants respectfully refer the Court to HSPD-6 for a true and complete statement of its contents, and deny any allegation inconsistent with the memorandum's plain language, meaning, or context.

19.     The first sentence purports to characterize HSPD-6; Defendants respectfully refer the Court to HSPD-6 for a true and complete statement of its contents, and deny any allegation inconsistent with the memorandum's plain language, meaning, or context.  Deny the third sentence and aver that the TSDS only includes identifiers for listed individuals.  Admit the remainder of this paragraph.

20.     Defendants admit that the TSDS is continuously updated and that exports of appropriate subsets of the TSDS are shared for lawful purposes with persons who have a need to know, including some foreign governments, often in near real-time.  Otherwise denied.

21.     Defendants deny that all nominating agencies or foreign partners necessarily rely on all or even any of these sources of information and further deny that they rely only on these sources of information.

22.     Admitted, with the clarification that the requirement is for certain "minimum" information, not "minimal" information.

23.     Denied.

24.     This paragraph appears to quote from an unidentified document, and Defendants lack sufficient information about the quoted document to form a belief about its accuracy or authenticity. Defendants have previously asserted privilege over the comprehensive definition of a known terrorist and cannot fully respond here.

25.     This paragraph appears to quote from an unidentified document, and Defendants lack sufficient information about the quoted document to form a belief about its accuracy or authenticity. The allegations in this paragraph also constitute legal conclusions to which no response is required. To the extent a response is required, Defendants aver that the reasonable suspicion standard requires that the nominator must rely upon articulable intelligence or information which, based on the totality of the circumstances and, taken together with rational inferences from those facts, creates a reasonable suspicion that the individual is engaged, has been engaged, or intends to engage, in conduct constituting, in preparation for, or in aid or in furtherance of terrorism and/or terrorist activities. Defendants deny any language inconsistent with that standard.

26.     Denied, and Defendants respectfully refer the Court to the response to Paragraph 25 for an accurate statement of the reasonable suspicion standard.

27.     Admitted.

28.    This paragraph appears to quote from an unidentified document, and Defendants lack sufficient information about the quoted document to form a belief about its accuracy or authenticity. Defendants deny that it accurately describes applicable standards.

29.    Defendants deny that this paragraph accurately describes applicable standards, and avers that such things only could be considered in an appropriate case, depending on the totality of the circumstances.

30.    Defendants object to the language as vague and deny on that basis except to admit that the standards for inclusion in the TSDS do not require specific evidence of known criminal activity.

31.    Defendants do not use the terminology regarding "annotation," do not know what Plaintiff intends, and deny all allegations about "annotation" on that basis. Defendants otherwise admit the third sentence. To the extent that the fourth sentence is intended to allege the watchlist status of Plaintiff beyond what has already been disclosed, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Defendants moreover deny the third and fourth sentences to the extent they are intended to imply that TSA did not issue an order maintaining Fikre on the No Fly List.

32.    Defendants do not use the terminology regarding "annotation," do not know what Plaintiff intends, and deny all allegations about "annotation" on that basis. Defendants admit that the No Fly List, the Selectee List and the Expanded Selectee List are subsets of the TSDS used by TSA.

33.    Defendants do not use the terminology regarding "annotation," do not know what Plaintiff intends, and deny all allegations about "annotation" on that basis. Otherwise, Defendants aver that this paragraph appears to set forth the substantive derogatory standards for inclusion on the No Fly List.

34.     Defendants do not use the terminology regarding "annotation," do not know what Plaintiff intends, and deny all allegations about "annotation" on that basis. Defendants aver that individuals on the No Fly List are prohibited from boarding a US commercial aircraft or from flying into, out of, or over US airspace.

35.     Denied.

36.     Denied to the extent that it omits information regarding DHS TRIP and fails to define its terms. Defendants specifically aver that U.S. persons (defined as citizens or lawful permanent residents) denied boarding because of their presence on the No Fly list, if certain requirements are met, will be apprised of their status on the No Fly List through the DHS TRIP process, and will be provided an opportunity to request additional information regarding their status, will receive that information consistent with national security and law enforcement interests at stake, and will receive an opportunity to respond before the TSA Administrator makes a final decision.

37.     Denied.

38.     Defendants do not use the terminology regarding "annotation," do not know what Plaintiff intends, and deny all allegations about "annotation" on that basis. Defendants otherwise admit that U.S. persons (defined as citizens or lawful permanent residents) denied boarding because of their presence on the No Fly list, if certain requirements are met, will be apprised of their status on the No Fly List through the DHS TRIP process, and will be provided an opportunity to request additional information regarding their status, will receive that information, consistent with national security and law enforcement interests at stake, and will receive an opportunity to respond before the TSA Administrator makes a final decision.

39.     Defendants do not use the terminology regarding "annotation," do not know what Plaintiff intends, and deny all allegations about "annotation" on that basis. Defendants admit that the

DHS TRIP redress process is different for persons not qualifying for the revised process for U.S. persons.

40.    Denied.

41.    Defendants do not use the terminology regarding "annotation," do not know what Plaintiff intends, and deny all allegations about "annotation" on that basis. Defendants further aver that the revised redress process only applies to U.S. persons qualifying for the revised redress process.

42.    Defendants do not use the terminology regarding "annotation," do not know what Plaintiff intends, and deny all allegations about "annotation" on that basis. Admit that TSC makes placement determinations for the TSDS.

43.    Defendants do not use the terminology regarding "annotation," do not know what Plaintiff intends, and deny all allegations about "annotation" on that basis. Otherwise admitted.

44.    Defendants do not use the terminology regarding "annotation," do not know what Plaintiff intends, and deny all allegations about "annotation" on that basis. Defendants further deny that TSC's regular reviews are based solely on new information or that they result in changes "occasionally." Otherwise admitted.

45.    Denied.

46.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence in this paragraph. The remainder of this paragraph appears to mischaracterize findings in an old case (in which, over twenty years ago, an agent mistakenly nominated an individual to the No Fly List; she was removed and able to fly the day after being denied boarding). Defendants respectfully refer the Court to that document for a true and complete statement of its contents, and deny any allegation inconsistent with the document's plain language, meaning, or context.

47.    Denied.

48.     Denied.

49.     Defendants do not use the terminology regarding "annotation," do not know what Plaintiff intends, and deny all allegations about "annotation" on that basis.  Defendants admit that this litigation has been going on for over a decade.  Otherwise denied.

50.     Admitted.

51.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph.

53.     Defendants admit that an email was sent by David Noordeloos to Plaintiff on April 20, 2010.  The remainder of the paragraph appears to quote an email.  Defendants respectfully refer the Court to that document for a true and complete statement of its contents, and deny any allegation inconsistent with the document's plain language, meaning, or context.

54.     Defendants admit that an email was sent by David Noordeloos to Plaintiff on April 21, 2010.  The remainder of the paragraph appears to quote an email.  Defendants respectfully refer the Court to that document for a true and complete statement of its contents, and deny any allegation inconsistent with the document's plain language, meaning, or context.

55.     Defendants admit that David Noordeloos and Plaintiff spoke on April 21, 2010 and that Plaintiff agreed to come to the United States Embassy in Sudan the following day.  Defendants deny the remaining allegations in this paragraph.

56.     Defendants admit the allegations contained in the first sentence of this paragraph. Defendants also admit that Plaintiff passed through security screening and met with David Noordeloos in a meeting room.  Defendants deny the remaining allegations contained in this paragraph.

57.     Defendants admit that during the interaction, employees of the U.S. Government informed Plaintiff that he was on the No Fly List and that David Noordeloos asked Plaintiff questions. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second clause of the first sentence ("Plaintiff stated . . . Brandon Mayfield"). Defendants deny the remaining allegations in this paragraph.

58.     Defendants deny the allegations in the first clause of the first sentence of this paragraph ("Because . . . door,"). Defendants admit that David Noordeloos asked Plaintiff questions but deny that an individual named Jason Dundas asked Plaintiff questions and deny that Plaintiff was interrogated. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

59.     Defendants admit that Plaintiff agreed to meet the following day. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the last sentence of this paragraph. Defendants deny the remaining allegations in this paragraph.

60.     Denied.

61.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

62.     Defendants admit that Plaintiff called David Noordeloos the following day and stated that he did not wish to cooperate with the U.S. Government. Defendants deny the remaining allegations in this paragraph.

63.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent the paragraph quotes a document, Defendants respectfully refer the Court to that document for a true and complete statement of its contents, and deny any allegation inconsistent with the document's plain language, meaning, or context.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

68.     Defendants neither confirm nor deny the allegations in this paragraph related to travel history because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

69.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.

70.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.

71.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.

72.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.

73.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.

74.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.

75.     Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.

76.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.

77.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.

78.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.

79.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.

80.    Defendants lack knowledge and information sufficient to form a belief regarding the truth of the allegations in the first clause of the first sentence ("On June . . . event").  Defendants admit an attorney purporting to represent Plaintiff contacted the U.S. Consulate in Abu Dhabi on June 20, 2011 to notify the consular section regarding Plaintiff's arrest.  Defendants deny the last sentence of this paragraph.  Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.

81.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.

82.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.

83.    Defendants admit that on July 28, 2011 an officer from the U.S. Embassy conducted a consular visit with Plaintiff while Plaintiff was in the custody of UAE authorities and that UAE officials were present during that meeting.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

84.    Defendants lack knowledge or information sufficient to form a belief as to the truth of allegations contained in this paragraph.

85.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

86.     Defendants admit that the July 28, 2011 visit by an officer from the U.S. Embassy was the only in-person meeting officials with the U.S. Embassy had with Plaintiff while he was in the custody of UAE authorities.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph.

87.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

88.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

89.     To the extent this paragraph reflects the watchlist status of Plaintiff in September 2011, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.  Defendants, otherwise, lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

90.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

91.     Denied.

92.     Defendants neither confirm nor deny the allegations in this paragraph related to travel history because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

93.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

94.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

95.     To the extent this paragraph reflects the watchlist status of Plaintiff in September 2011, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first clause of sentence one ("In addition ... foreign country).  The allegations in the remainder of the first sentence of this paragraph constitute legal conclusions to which no response is required.  Defendants deny the remaining allegations contained in this paragraph.

96.     The allegations contained in the first clause of the first sentence are vague, and therefore Defendants lack information sufficient to admit or deny them. Defendants admit the remainder of the allegations in this paragraph.

97.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

98.     Defendants admit the allegations contained in sentence one.  Defendants also admit that on May 1, 2012, Plaintiff and two other individuals were indicted in the United States District Court for the Southern District of California and respectfully refer the Court to the Indictment, Dkt N. 1, No. 3:12-cr-6189 (S.D. Cal.), for a true and complete statement of its contents.  Defendants deny the allegations contained in the first clause of the third sentence of this paragraph ("On information . . . Stockholm,").  Defendants neither admit nor deny the allegations in the remainder of the third sentence of this paragraph because the information is protected by statute.

99.     Defendants admit that sometime in August 2013, counsel for Plaintiff and counsel for Defendants exchanged email correspondence regarding Plaintiff returning to the United States. Defendants respectfully refer the Court to the email correspondence for a true and complete statement

of their contents, and deny any allegation inconsistent with the documents' plain language, meaning, or context.

100.     Defendants admit the allegations in in sentences one, two, and four of this paragraph. Defendants also admit that the DHS letter did not inform Plaintiff of his status on the No Fly List and that Plaintiff requested a clarification and a stay pending resolution of the issue and resolution of the current litigation.  Defendants lack knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph.

101.     To the extent this paragraph reflects the watchlist status of Plaintiff at any time other than April 22, 2010 or February 12, 2015 onward, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.  Defendants deny the allegation that Plaintiff was stigmatized. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

102.     To the extent this paragraph reflects the watchlist status of Plaintiff at any time other than April 22, 2010 or February 12, 2015 onward, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.  Defendants deny the allegation that Plaintiff was stigmatized.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in this paragraph.

103.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

104.     Admitted.

105.     Admitted.

106.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

107.    Defendants neither admit nor deny the allegations in the first sentence of this paragraph because the information is protected by statute and privileges. The allegations in the second sentence of this paragraph purport to reference statements in a document. That document is the best evidence of its contents and Defendant deny any inconsistent characterization.

108.    Defendants neither admit nor deny the allegations in this paragraph because the information is protected by statute and privileges.

109.    Denied.

110.    Defendants neither admit nor deny the allegation that Defendants conducted electronic surveillance of Plaintiff because that information is protected by statute and privileges. Defendants deny the remaining allegations in this paragraph.

111.    Defendants neither admit nor deny the allegations in this paragraph because that information is protected by statute and privileges.

112.    Defendants deny the first and third sentences. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence in this paragraph.

113.    Admitted.

114.    Defendants neither confirm nor deny the allegations in this paragraph related to travel history because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

115.    Defendants neither confirm nor deny the allegations in this paragraph because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

116.     Defendants deny that "SSSS" on a boarding pass indicates someone's TSDS status. Defendants neither confirm nor deny the allegations in this paragraph related to travel history because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.  To the extent that this paragraph is intended to allege the watchlist status of Plaintiff, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.  Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

117.     To the extent that the third sentence is intended to allege the watchlist status of Plaintiff, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.  Defendants deny that his screening was "invasive" or "disparate."  Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

118.     Defendants deny the allegations in the footnote and deny that he was subject to "invasive" screening.  Defendants neither confirm nor deny the allegations in this paragraph related to travel security history because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.  Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

119.     To the extent that the second sentence is intended to allege the watchlist status of Plaintiff, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.  Otherwise denied.

120.     To the extent that the first sentence is intended to allege the watchlist status of Plaintiff, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.  Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

121.    To the extent that this paragraph is intended to allege the watchlist status of Plaintiff, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.  Otherwise denied.

122.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

123.    With respect to the first and third sentences, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph. With respect to the second sentence, Defendants neither confirm nor deny the allegations because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

124.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph.  Defendants deny the second sentence.

125.    Defendants deny Plaintiff was subjected to "invasive" searches.    Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

126.    Defendants deny that "SSSS" on a boarding pass indicates TSDS status and deny that the screening was "invasive."  To the extent that this paragraph is intended to allege the watchlist status of Plaintiff, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.  Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

127.    To the extent that this paragraph is intended to allege the watchlist status of Plaintiff, Defendants neither admit nor deny the allegations because that information is protected by statute

and privileges.  Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

128.     To the extent that this paragraph is intended to allege the watchlist status of Plaintiff, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.  Defendants deny the third sentence and otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

129.     To the extent that this paragraph is intended to allege the watchlist status of Plaintiff, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.  Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

130.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

131.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

132.     To the extent that this paragraph is intended to allege the watchlist status of Plaintiff, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.  Otherwise, denied.

133.     To the extent that this paragraph is intended to allege the watchlist status of Plaintiff, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.  Defendants deny the last sentence in this paragraph, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

134.     To the extent that this paragraph is intended to allege the watchlist status of anyone, Defendants neither admit nor deny the allegations because that information is protected by statute

and privileges.  Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

135.     To the extent that this paragraph is intended to allege the watchlist status of anyone, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.  Otherwise, denied.

136.     To the extent that this paragraph is intended to allege the watchlist status of anyone, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.  Defendants deny the first sentence and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

137.     To the extent that this paragraph is intended to allege the watchlist status of anyone, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

138.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

139.     To the extent that this paragraph is intended to allege the watchlist status of anyone, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.  Defendants deny the second sentence and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

140.     To the extent that this paragraph is intended to allege the watchlist status of anyone, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.  Defendants further deny that the community had knowledge of Fikre's purported status.  Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

141.     To the extent that this paragraph is intended to allege the watchlist status of anyone, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

142.     To the extent that this paragraph is intended to allege the watchlist status of anyone, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.  Defendants neither confirm nor deny the allegations about travel history or security because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

143.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

144.     To the extent that this paragraph is intended to allege the watchlist status of anyone, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.  Otherwise, Defendants neither confirm nor deny the allegations about travel history or security because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.

145.     Defendants neither confirm nor deny the allegations about travel history or security because the existence or nonexistence of that information in Defendants' possession is protected by statute and privileges.  Deny that he was subject to "invasive" screening.

146.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

147.     To the extent that this paragraph is intended to allege the watchlist status of anyone, Defendants neither admit nor deny the allegations because that information is protected by statute

and privileges. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

148.     To the extent that this paragraph is intended to allege the watchlist status of anyone, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

149.     Defendants admit the first sentence and deny the second and third full sentences.  The remainder of the allegations in this paragraph constitute legal conclusions and citations to which no response is required.

150.     Denied.

151.     Denied.

152.     Denied.

153.     This paragraph purports to characterize one or more declarations signed in connection with this action; Defendants respectfully refer the Court to that document(s) for a true and complete statement of its contents, and deny any allegation inconsistent with the document's plain language, meaning, or context.

154.     Denied.

155.     Denied.

156.     Denied.

157.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph.  Otherwise, denied.

158.     Admit that some systems of records might accurately reflect past No Fly List status in some circumstances.  Otherwise denied.

159.    Defendants partially admit the first instance in that some portions of TIDE may reflect historical watchlist status for some individuals in some circumstances.  Otherwise denied.

160.    Denied.

161.    Admit that TSC exports subsets of the current TSDS to over 60 foreign partners for lawful uses, but the existence or nonexistence of most particular agreements is subject to privileges; otherwise, denied.

162.    Defendants can neither confirm nor deny because the underlying information alleged here is subject to privileges. But Defendants aver that the U.S. reasonably expects its foreign partners to use the most current TSDS information it has been provided.

163.    To the extent that this paragraph is intended to allege the watchlist status of anyone, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.  Moreover, the specifics of most agreements can be neither confirmed nor denied because subject to privileges.  Otherwise, denied.

164.    To the extent that this paragraph is intended to allege the watchlist status of anyone, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.  Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations about Mr. Fikre's travel to Saudi Arabia or the reasoning of the Saudi government.  But Defendants aver that the U.S. reasonably expects its foreign partners to use the most current TSDS information it has been provided.

165.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

166.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

167.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

168.    To the extent that this paragraph is intended to allege the watchlist status of anyone, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.   Otherwise, denied.

169.    To the extent that this paragraph is intended to allege the watchlist status of anyone, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.   Otherwise, denied.

170.    Denied.

171.    Denied.

172.    Defendants admit only that the reasonable suspicion standard for inclusion in the TSDS is based on the fact-specific totality of the circumstances related to a given individual; nominations to the TSDS must not be based solely on the individual's race, ethnicity, or religious affiliation, nor solely on beliefs and activities protected by the First Amendment. Defendants deny the remaining allegations in this paragraph.

173.    This paragraph selectively quotes from and characterizes what purports to be a leaked or stolen version of the Watchlisting Guidance from a decade ago.  Defendants do not confirm or deny the authenticity of this or any purportedly leaked documents.   Otherwise, denied.

174.    Insofar as these allegations implicate the substance of the rules employed by TSA and CBP's rules-based screening programs, Defendants can neither admit nor deny the allegations, because this information is protected by statute and privileges.  Defendants aver that the reasonable suspicion standard for inclusion in the TSDS is based on the fact-specific totality of the circumstances related to a given individual; nominations to the TSDS must not be based solely on the individual's race,

ethnicity, or religious affiliation, nor solely on beliefs and activities protected by the First Amendment. Defendants deny the remaining allegations in this paragraph.

175.    Denied.

176.    Denied.

177.    Denied.

178.    Defendants lack sufficient information to admit or deny the allegations in the first and second sentences of this paragraph about the population of Dearborn in general.   Defendants deny the last sentence.  The first sentence of this paragraph also appears to characterize a purportedly leaked document; by this response Defendants neither admit nor deny the authenticity, content, or accuracy of that document or the characterization of it because this information is protected by privileges.

179.    Denied.

180.    Denied.

181.    Denied.

182.    Defendants admit only that the lawsuits listed in footnote 2, corresponding to this paragraph, appear to have been filed by plaintiffs who self-identified as Muslim. Defendants lack sufficient information to admit or deny the allegations in the paragraph more generally.

183.    Defendants lack sufficient information to admit or deny the allegations in first sentence. Defendants deny the allegations in the second sentence.

184.    To the extent that this paragraph is intended to allege the watchlist status of anyone, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.   Otherwise, denied.

185.    To the extent that this paragraph is intended to allege the watchlist status of anyone, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.   Otherwise, denied.

186.     Defendants admit only that on February 27, 2019, federal prosecutors indicted Lieutenant Christopher Hasson for unlawful possession of unregistered firearm silencers, unlawful possession of firearm silencers unidentified by serial number, possession of firearms by unlawful user and addict of a controlled substance, and possession of a controlled substance; and that Lt. Hasson had held a Secret level security clearance. Defendants deny that this indictment is a "singular example" of unequal treatment of Muslims and non-Muslims. Defendants neither admit nor deny the remaining allegations in this paragraph, because such information is protected by statute and privileges.

187.     Defendants neither admit nor deny the authenticity, content, or accuracy of purportedly stolen data, or the characterization of it because such admission or denial is itself protected by privileges. Defendants otherwise deny the first sentence. Defendants otherwise lack sufficient information to admit or deny the allegations in the remainder of this paragraph.

188.     This paragraph purports to characterize a public statement; Defendants respectfully refer the Court to that statement for a true and complete statement of its contents, and deny any allegation inconsistent with the document's plain language, meaning, or context.

189.     Defendants neither admit nor deny the authenticity, content, or accuracy of purportedly stolen data, or the characterization of it because such admission or denial is itself protected by privileges. Defendants otherwise deny the allegations in this paragraph.

190.     Defendants neither admit nor deny the authenticity, content, or accuracy of purportedly stolen data, or the characterization of it because such admission or denial is itself protected by privileges. Defendants otherwise deny the allegations in this paragraph.

191.     This paragraph purports to characterize detailed discovery responses from another matter; Defendants respectfully refer the Court to those responses for a true and complete statement of their contents, and deny any allegation inconsistent with their plain language, meaning, or context. Otherwise, denied.

192.    This paragraph purports to characterize detailed discovery responses from another matter; Defendants respectfully refer the Court to those responses for a true and complete statement of their contents, and deny any allegation inconsistent with their plain language, meaning, or context. Otherwise, denied.

193.    This paragraph purports to characterize detailed discovery responses from another matter; Defendants respectfully refer the Court to those responses for a true and complete statement of their contents, and deny any allegation inconsistent with their plain language, meaning, or context. Otherwise, denied.

194.    This paragraph purports to characterize detailed discovery responses from another matter; Defendants respectfully refer the Court to those responses for a true and complete statement of their contents, and deny any allegation inconsistent with their plain language, meaning, or context. Otherwise, denied.

### Claim One
### Fifth Amendment Procedural Due Process
### Placement and Retention on the No Fly List and TSDB
### (Against All Defendants)

195.    Defendants incorporate the foregoing responses as though fully set forth herein.

196.    Admit only that TSC placed Plaintiff on the TSDS and No Fly List.  Otherwise denied.

197.    Admitted.

198.    Denied.

199.    Denied.

200.    Defendants do not use the terminology regarding "annotation," do not know what Plaintiff intends, and deny all allegations about "annotation" on that basis.  Defendants admit only that Mr. Fikre was previously on the No Fly List and subsequently removed, and that during the periods when he was on the No Fly List, his status was available under limited circumstances to entities authorized to receive TSDS information for official purposes. Otherwise, Defendants neither admit

nor deny the allegations in this paragraph because they reflect information which is protected by statute and privileges.

201.    The allegations in this paragraph constitute legal conclusions to which no response is required.

202.    The allegations in this paragraph constitute legal conclusions to which no response is required.

203.    The allegations in this paragraph constitute legal conclusions to which no response is required.

204.    Defendants deny the first sentence.  Otherwise, the allegations in this paragraph constitute legal conclusions to which no response is required.

205.    Denied.

206.    Denied.

207.    Defendants admit that they have not provided Plaintiff notice as to whether or not he is currently on the TSDS (or whether he would be "re-added").  To the extent that this paragraph is intended to allege the watchlist status of anyone, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges. Otherwise denied.

208.    To the extent that this paragraph is intended to allege the watchlist status of anyone, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.  Defendants deny that they have "failed" to take actions that are not required, and admit that they have not destroyed government watchlisting records related to Mr. Fikre as described herein.

209.    To the extent that this paragraph is intended to allege the watchlist status of anyone, Defendants neither admit nor deny the allegations because that information is protected by statute

and privileges.  Defendants deny that they have "failed" to take actions that are not required, and otherwise deny the allegations in this paragraph.

210.    Denied.

211.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, denied.

212.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, denied.

213.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is required, denied.

**Claim Two**
**Fifth Amendment Substantive Due Process**
**(Against All Defendants)**

214.    Defendants incorporate the foregoing responses as though fully set forth herein.

215.    The allegations in this paragraph constitute legal conclusions to which no response is required.

216.    Defendants neither admit nor deny the allegations in this paragraph because the information is protected by statute and privileges.

217.    Denied.

218.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is required, denied.

219.    Defendants do not use the terminology regarding "annotation," do not know what Plaintiff intends, and deny all allegations about "annotation" on that basis.  The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required to the clause alleging the No Fly List's annotation's "true purpose", Defendants deny the allegations in that clause.

220.    The allegations in this paragraph constitute legal conclusions to which no response is required.

221.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required to sentence two of this paragraph, Defendants deny the allegations in that sentence.

222.    Defendants deny the first clause of the first sentence of this paragraph.  The second clause of the first sentence is vague and ambiguous and Defendants lack information sufficient to admit or deny the allegations.  The allegations in the second sentence of this paragraph constitute legal conclusions to which no response is quired.

223.    The allegations in this paragraph constitute legal conclusions to which no response is required.

224.    Defendants deny the allegations in the first sentence of this paragraph.  The second and third sentences of this paragraph appear to describe data and conclusions from a third-party database and Defendants respectfully refer the Court to that document for a true and complete statement of its contents, and deny any allegation inconsistent with the document's plain language, meaning, or context.

225.    To the extent that this paragraph reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.  Otherwise denied.

226.    To the extent that this paragraph reflects the watchlist status of particular individuals, Defendants neither admit nor deny the allegations because that information is protected by statute and privileges.  Otherwise denied.

227.    Denied.

228.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

229.    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

230.    The allegations in this paragraph constitute legal conclusions to which no response is required.

The remainder of the Eighth Amended Complaint is Plaintiff's Prayer for Relief and no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations contained in the remaining paragraphs of the Eighth Amended Complaint and aver that Plaintiff is not entitled to any relief whatsoever.  Defendants also deny all allegations in the Eighth Amended Complaint not expressly addressed.

## **DEFENSES**

1.  Plaintiff has not demonstrated the Court's subject matter jurisdiction to hear these claims because jurisdiction is properly in the Court of Appeals, because Plaintiff lacks standing, and because the claims are moot.

2.  Plaintiff has failed to exhaust administrative remedies to the extent he did not fully utilized the DHS TRIP process.

3.  Plaintiff has failed to state a claim on which relief can be granted.

WHEREFORE, having fully answered Plaintiff's Eighth Amended Complaint, Defendants assert that Plaintiffs are not entitled to the relief requested, or to any relief whatsoever, and request that this action be dismissed in its entirety with prejudice and that Defendants be given such other relief as this Court deems proper, including costs and disbursements.

Dated: July 21, 2025                    Respectfully Submitted,

                                        BRETT SHUMATE
                                        Assistant Attorney General

                                        */s/ Amy E. Powell*
                                        AMY E. POWELL
                                        Senior Trial Counsel
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        c/o U.S. Attorney's Office for EDNC
                                        150 Fayetteville Street, Ste. 2100
                                        Raleigh, NC 27601
                                        Tel: 919-856-4013
                                        Amy.powell@usdoj.gov

                                        SAMUEL BEAN
                                        Trial Attorney
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        1100 L St NW
                                        Washington, DC 20005
                                        Tel: 202-455-9619
                                        Samuel.B.Bean2@usdoj.gov

                                        *Counsel for Defendants*

32